UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CAROLINE NYAMU,                                             :
                                       Plaintiff,           :
                -against-                                   :      24 Civ. 6861 (LGS)
                                                            :
PORTFOLIO RECOVERY ASSOCIATES,                              :      **OPINION & ORDER**
LLC, et al.                                                 :
                                       Defendants.          :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

This Opinion addresses the Report and Recommendation (the "Report"), dated April 2, 2025, of Magistrate Judge Valerie Figueredo. The Report recommends granting the motion to dismiss filed by Defendant Portfolio Recovery Associates, LLC ("PRA"), granting the motion for judgment on the pleadings filed by Defendant LVNV Funding, LLC ("LVNV") and denying Plaintiff Caroline Nyamu's request for leave to amend the complaint. These recommendations are adopted for the reasons explained below.

I.   BACKGROUND

Plaintiff, proceeding pro se, commenced this action against Defendants on March 29, 2024, in Supreme Court of the State of New York, asserting statutory claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and New York General Business Law ("GBL") § 349, and asserting a common law claim of professional malpractice. Defendants are debt collectors that buy and collect debts and report consumer debts to credit reporting agencies. *Nyamu v. Portfolio Recovery Assocs., LLC*, No. 24 Civ. 6861, 2025 WL 1343655, at *1 (S.D.N.Y. Apr. 2, 2025). Plaintiff is a consumer whom Defendants identified as owing unpaid obligations on personal credit card debts. *Id.*

The Complaint alleges that Defendants violated the FDCPA by continuing to report a consumer debt to credit reporting agencies after receiving written notice directing Defendants to cease communication and asserting Plaintiff's refusal to pay the debt. Specifically, on or around February 23, 2023, Plaintiff's authorized representative mailed Defendants a letter. The letter notified Defendants that Plaintiff refused to pay her debts and requested that Defendants cease communicating with her about the debts, including "indirect communications" via credit reporting. Because of Defendants' reports to the credit reporting agencies, two banks denied Plaintiff an extension of consumer credit.

### A. Procedural History

On September 11, 2024, Defendants removed the action from state court to this Court. Both Defendants moved to dismiss this action. Defendants jointly argued for dismissal of (1) the claims based on 15 U.S.C. § 1692c(b) and § 1692c(c), because the FDCPA does not prohibit debt collectors from reporting debts to credit reporting agencies, even after a consumer requests that communication cease; (2) the claims under § 1692d, § 1692e and § 1692f, which are premised on the same conduct -- credit reporting following a cease-and-desist letter -- for the same reason and (3) the state law claims because they lack factual support and do not allege a plausible legal theory.

On December 27, 2024, Plaintiff filed a procedurally improper amended complaint, which the Court struck. The Court asked Plaintiff to file a letter describing how the proposed amended complaint differed from the original. Plaintiff filed the requested letter on January 14, 2025, and filed a revised proposed pleading on March 21, 2025. Defendants opposed Plaintiff's request for leave to amend, asserting that the proposed changes restated the same defective legal

theory and failed to cure the deficiencies in the original pleading. Plaintiff replied, asserting that her proposed amended complaint was not futile.

### B. The Report

Magistrate Judge Valerie Figueredo issued the Report, recommending that the Defendants' motions be granted and that Plaintiff's request for leave to amend be denied. *Nyamu*, 2025 WL 1343655, at *1. The Report concluded that the FDCPA claims fail as a matter of law. *Id.* at *3. The Report relied on the decision of the Second Circuit Court of Appeals in *Ross v. Cavalry Portfolio Servs., LLC*, No. 23-7861, 2024 WL 4404043 (2d Cir. Oct. 4, 2024) (summary order) (*Ross II*), which the Report found to be persuasive and factually analogous. *Id.* at *4-8.

In *Ross II*, the Court of Appeals affirmed the dismissal of claims brought by a plaintiff who notified a debt collector in writing that she refused to pay and requested that communications cease. *Ross II*, 2024 WL 4404043, at *1. The debt collector continued its reporting to credit agencies, allegedly in violation of § 1692c(b) and § 1692c(c). *Id.* at *1-2. The Court of Appeals held that reporting a debt to a credit reporting agency -- even after receipt of a cease-and-desist letter -- does not constitute a prohibited "communication with the consumer" under § 1692c(c). *Id.* The Court of Appeals also held that § 1692c(b) and § 1692d(3) permit such communications, and that, without more, reporting a debt to a consumer reporting agency after a cease-and-desist letter does not state a claim. *Id.*; *Nyamu*, 2025 WL 1343655, at *4-6.

The Report also concluded that the same conduct does not support the other two claims, claims under GBL § 349 and for professional malpractice. *Nyamu*, 2025 WL 1343655, at *6-8. The Report found the § 349 claim deficient because the Complaint does not allege facts showing

3

that Defendants' communications were misleading or deceptive. *Id.* at *7. The Report found the malpractice claim lacking because the Complaint alleged no specific negligent acts -- only conduct expressly permitted by the FDCPA. *Id.* Finally, the Report concluded that leave to amend should be denied because the proposed amended complaint, like the initial pleading, challenged the Defendants' credit reporting, which does not support a viable claim. *Id.* at *8-9, 9 n.4.

The Report advised Plaintiff of her right to file written objections to the findings. *Id.* at *9. Plaintiff, proceeding pro se, subsequently filed her Objections to the Magistrate Judge's Report and Recommendation (the "Objections"). Defendants opposed, and Plaintiff replied.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). De novo review means the district judge makes an independent determination of the portions of the Report that were properly objected to and does not defer to the magistrate judge's conclusions. Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)[1]; *accord Bulgari v. Bulgari*, No. 22 Civ. 5072, 2024 WL 4345580, at *2 (S.D.N.Y. Sept. 30, 2024).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

4

"When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016); *accord TCA Television Corp. v. McCollum*, No. 15 Civ. 4325, 2018 WL 2932724, at *2 (S.D.N.Y. June 12, 2018). When reviewing for clear error, the judge asks whether the Report contains an obvious mistake. *See M.L. v. Comm'r of Soc. Sec.*, No. 23 Civ. 5143, 2024 WL 404342, at *1 (S.D.N.Y. Feb. 2, 2024). Similarly, where no specific written objection is made, "the district court can adopt the report without making a de novo determination." *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); *accord Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 345 (S.D.N.Y. 2019) ("A district court evaluating a magistrate judge's report may adopt those portions of the report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.").

"[P]ro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). But "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023). Typically, the claims of pro se litigants are dismissed without prejudice once, giving the pro se litigant an opportunity to amend "if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Montgomery v. Holland*, 408 F. Supp. 3d 353, 379 (S.D.N.Y. 2019), *aff'd sub nom. Montgomery v. NBC Television*, 833 F. App'x 361 (2d Cir. 2020). However, if there is "no

5

amendment to the pleadings that would" state a plausible claim, dismissal with prejudice is appropriate. *Id.*; *Farmer v. Cnty. of Westchester*, No. 18 Civ. 2691, 2022 WL 3902729, at *5 (S.D.N.Y. Aug. 30, 2022) ("[L]eave to amend is properly denied where all indications are that the pro se plaintiff will be unable to state a valid claim.").

### III. DISCUSSION

The Report, which is thorough and well-reasoned, is adopted in full: Defendants' motions to dismiss and for judgment on the pleadings are granted, and Plaintiff's request for leave to amend is denied. The Objections are overruled.

#### A. Defendants' Motions

##### i. Legal Standard

One Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6), and the other moves for judgment on the pleadings under Rule 12(c). Both motions are governed by the same standard; the pleading must contain enough factual matter to state a claim that is plausible on its face; legal conclusions and threadbare recitals do not suffice. *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024). In applying this standard, this Opinion accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor, but it does not weigh evidence or make credibility determinations at the pleading stage. *See Nyamu*, 2025 WL 1343655, at *2 (reciting the standard).

##### ii. Application

Plaintiff objects to all core findings in the Report but, for the most part, repeats arguments made to Judge Figueredo without identifying specific factual or legal error. Those repetitive or conclusory objections are reviewed for clear error and are rejected for the reasons stated in the

Report. *See Espada*, 2016 WL 6810858, at *2; *TCA Television Corp.*, 2018 WL 2932724, at *2.

Even affording de novo review, the Complaint still fails to state a claim. The Objections raise four main arguments: (1) that credit reporting after a cease-and-desist letter constitutes a prohibited communication under § 1692c of the FDCPA; (2) that reporting a refusal to pay is equivalent to publishing a prohibited list under § 1692d(3); (3) that such reporting is not permitted by law under § 1692c(b) and is misleading or unfair under both § 1692e and § 1692f; and (4) that the same conduct violates state law, specifically GBL § 349 and common law principles of professional malpractice. Though framed in various ways, all of the Objections rely on the same underlying theory: that the FDCPA and state law bar Defendants from continuing to report Plaintiff's debt after receiving her refusal to pay.

As the Report explains, the Second Circuit Court of Appeals rejected this theory in *Ross II*. 2024 WL 4404043, at *1-2 (summary order) (New York law). There, the Second Circuit affirmed the district court's dismissal of both the FDCPA and state law claims. *Id*. The Court held that reporting a debt to credit reporting agencies does not constitute a communication "with the consumer" under § 1692c(c), and is expressly permitted under § 1692c(b) and § 1692d(3). *Id*. at *1. The court further held that such reporting, standing alone, does not violate § 1692e or § 1692f, and that the plaintiff failed to state a GBL § 349 claim or a professional malpractice claim under New York law. *Id*. at *1-2.

The Objections primarily argue that credit agency reporting after Plaintiff's refusal to pay was a prohibited communication with the consumer, made indirectly through the credit agency, in violation of § 1692c(b) and § 1692c(c). But the Second Circuit addressed this argument in *Ross II* and explicitly rejected that reporting to credit agencies is an "indirect communication" with the consumer. *Id.* at *1. As the Court explained, allegations that "communications to the

credit reporting agencies constituted 'communicating indirectly' with [the consumer], after [plaintiff] requested that communications with her cease . . . are insufficient to state a claim for relief based on violations of the FDCPA." *Id*.

The cases the Objections cite in support are unavailing. Both come from sister circuits (and therefore are not binding) and neither one bears on the facts at issue here. *See FTC v. Check Invs., Inc.*, 502 F.3d 159, 165 (3d Cir. 2007), *abrogated by Henson v. Santander Consumer USA Inc.,* 582 U.S. 79 (2017) (addressing debt collector status and deceptive collection practices, not credit reporting)[2]; *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021), *opinion vacated and superseded on reh'g*, 17 F.4th 1016 (11th Cir. 2021), *reh'g en banc granted, opinion vacated*, 17 F.4th 1103 (11th Cir. 2021), *and on reh'g en banc*, 48 F.4th 1236 (11th Cir. 2022) (concerning communications to third-party mail vendor not encompassed within statute's exemptions).

The Objections also argue that the exception for conduct "otherwise permitted by law" in § 1692c(c) should not apply where a consumer has invoked the right to cease communication. This interpretation would effectively override the FDCPA's express allowance for reporting to credit bureaus and conflicts with *Ross II*, which held that such reporting does not violate § 1692c(c), even after a consumer has sent a refusal-to-pay notice. *Ross II*, 2024 WL 4404043, at *1-2; *Ross v. Cavalry Portfolio Servs., LLC*, 701 F. Supp. 3d 211, 223 (E.D.N.Y. 2023) (*Ross I*) (explaining that § 1692c(b) "expressly allows for communications by a debt collector to a consumer reporting agency if otherwise permitted by law").

---

[2] *See, e.g.*, Dkt. No. 36 at 4 (quoted definition of "communication" not found in opinion); Dkt. No. 47 at 2 (quoted holding not found in opinion).

The Objections next posit that reporting Plaintiff's refusal to pay amounts to publication of a "list of consumers who allegedly refuse to pay," in violation of § 1692d(3). But, again, this section expressly permits a debt collector to share such information with "consumer reporting agenc[ies]," which encompass credit reporting agencies. § 1692d(3); *see Ross I*, 701 F. Supp. 3d at 224 (using credit reporting agency and consumer reporting agency interchangeably in the context of the FDCPA); *see also Ahmad v. Experian Info. Sols.*, No. 23 Civ. 2222, 2023 WL 8650192, at *1 n.1 (S.D.N.Y. Dec. 14, 2023) ("Although the [Fair Credit Reporting Act] speaks of a 'consumer reporting agency,' courts often refer to such entities as 'credit reporting agencies.'"). The Objections argue that because Plaintiff unequivocally refused to pay, the reporting did not concern an "alleged" refusal -- but a factual one. This is a distinction without a difference. As explained by the Report, the distinction is "merely semantic" and not derived from the statutory text. *Nyamu*, 2025 WL 1343655, at *9; *see Ross I*, 701 F. Supp. 3d at 224 (prohibiting "publication of a list of consumers who allegedly refuse to pay debts, *except to a consumer reporting agency*"); *Ross II*, 2024 WL 4404043, at *1 (explaining that "reporting information to the credit reporting agencies is expressly permitted under Section[] . . . 1692d(3)"). Defendants rightly point out that:

> [f]rom the furnisher's point of view, all refusals to pay -- no matter how clearly expressed by the consumer -- are "alleged" refusals to pay. The furnisher is, by necessity, acting on information provided by the consumer -- in this case Plaintiff -- so when the furnisher determines that the consumer refuses to pay, it is based on Plaintiff's representation, and is therefore "alleged."

Nor would it make sense for delinquent consumers to avoid the reporting of their debts by simply announcing that they refuse to pay.

The Objections also invoke § 1692e and § 1692f, asserting that Defendants' conduct was not permitted by law and was false, deceptive or unfair. These arguments again rest on the same

9

theory rejected in *Ross II*. The Objections do not identify any conduct or representation beyond the credit reporting itself, including any specific misstatement or omission in the reported information. While Second Circuit summary orders are not binding, they are instructive. The Objections offer "no basis to depart here from the Second Circuit's well-reasoned analysis in *Ross*." *Nyamu*, 2025 WL 1343655, at *9. While the Objections' statutory interpretation arguments are well taken, they are not persuasive in light of *Ross II*. *Id.*; *see, e.g.*, *United States v. Delaney*, No. 22-CR-1095, 2023 WL 7103281, at *5 (2d Cir. Oct. 27, 2023) (summary order) (explaining that there was no need to depart from previous summary orders' well-reasoned analysis despite their non-binding nature).

The state law claims fail for similar reasons. The GBL § 349 claim is premised entirely on conduct permitted by the FDCPA. *See Ross I*, 701 F. Supp. 3d at 227 (dismissing claim under § 349 where plaintiff did not allege "any facts to suggest that [the debt collector's] communications to [credit reporting agencies] were false or misleading other than conclusory statements"). The Objections' arguments regarding "misrepresentation" rely on the Objections' distinction between "alleged" and "factual" refusal to pay, which does not amount to materially misleading conduct as required by GBL § 349.

The professional malpractice claim fails because the Complaint does not identify any alleged misconduct beyond Defendant's permissible communications with reporting agencies. *See id.* (dismissing professional malpractice claim because "the facts alleged by [p]laintiff show that [debt collector defendant] provided notice and verification of a debt as required by the FDCPA and undertook standard collection efforts, including transmitting information to [credit reporting agencies]").

### B. Plaintiff's Motion

Plaintiff's request for leave to replead is denied because the proposed amendments neither cure the legal deficiencies of the original pleading nor do they allege any new facts that would support a viable claim for relief. "Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course." *Meyer v. Seidel*, 89 F.4th 117, 140 (2d Cir. 2023). "However, leave need not be granted in cases of 'futility of amendment.'" *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the proposed amendments rely on the same legal theory already found insufficient, namely, that credit reporting constitutes a prohibited communication under § 1692c(c). The changes do not cure the legal deficiencies as explained above and in the Report. Where amendment would be "futile," leave to replead, even a pro se complaint, is properly denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to replead pro se complaint where amendment would be futile); *accord Page v. Ellenoff Grossman & Schole LLP*, No. 23 Civ. 1199, 2024 WL 4195137, at *2-3 (2d Cir. Sept. 16, 2024) (summary order).

## IV. CONCLUSION

For the reasons discussed above, the Court finds no legal or factual error in the Report, and the Objections and sur-reply provide no basis to modify the Report's recommendations. The Report is **ADOPTED** in full, and the Objections are **OVERRULED**. For the reasons stated in this Order and in the Report, PRA's motion to dismiss and LVNV's motion for judgment on the pleadings are **GRANTED**.

Plaintiff's request for leave to amend is **DENIED**. The Complaint is dismissed with prejudice.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 13, 14, 24 and 31, and to close the case.

Dated: September 26, 2025
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**