UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                         :

CAROLINE NYAMU,                      :
                     Plaintiff,   :

          -against-         :        24 Civ. 6861 (LGS)
                                   :

PORTFOLIO RECOVERY ASSOCIATES,   :        **ORDER**
LLC et al.,                         :
                Defendants.  :
                                   :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Caroline Nyamu, proceeding pro se, moves under Federal Rule of Civil Procedure 59(e) for reconsideration of the September 26, 2025, Opinion & Order (the "Order") adopting in full the April 2, 2025, Report and Recommendation of Magistrate Judge Valerie Figueredo (the "Report"). *See Nyamu v. Portfolio Recovery Assocs., LLC*, No. 24 Civ. 6861, 2025 WL 2753163, at *1 (S.D.N.Y. Sep. 26, 2025). The Order (1) granted Defendant Portfolio Recovery Associates, LLC's motion to dismiss and Defendant LVNV Funding, LLC's motion for judgment on the pleadings; (2) denied Plaintiff's request for leave to amend the Complaint and (3) dismissed the Complaint with prejudice. *Id.* at *6.

WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *Tatintsian v. Vorotyntsev*, No. 16 Civ. 7203, 2026 WL 693211, at *1 (S.D.N.Y. Mar. 11, 2026). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*Carroll v. Trump*, 151 F.4th 50, 66 (2d Cir. 2025).  "[T]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024).  "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs. Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Paige v. Digit. Bus. Networks All., Inc.*, No. 24 Civ. 3169, 2026 WL 880549, at *18 (S.D.N.Y. Mar. 31, 2026).  Because Plaintiff proceeds pro se, her submissions are liberally construed to "raise the strongest arguments that they suggest."  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).  Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

WHEREAS, reconsideration is denied because, rather than present new or overlooked law or evidence or demonstrate a clear error, Plaintiff's motion and reply reiterate arguments that were raised in Plaintiff's objections to the Report (the "Objections") and rejected by the Order. Plaintiff asserts -- incorrectly and without basis -- that the Order failed to consider those arguments.

WHEREAS, Plaintiff first argues that the Order failed to consider her statutory interpretation arguments regarding language in relevant provisions of the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. § 1692c(b) ("if otherwise permitted by law"), 15 U.S.C. §§ 1692a(2) and 1692c(c) ("indirect[]" "communication with the consumer") and 15 U.S.C. § 1692d(3) ("consumers who allegedly refuse to pay debts").  Relatedly, Plaintiff

criticizes the Order's reliance on *Ross v. Cavalry Portfolio Services, LLC*, No. 23-7861, 2024 WL 4404043 (2d Cir. Oct. 4, 2024) (summary order) ("*Ross II*"), which Plaintiff argues is a "non-precedential Second Circuit summary order that similarly sidestepped textual interpretation." These arguments are unavailing. The Order explicitly considered and rejected Plaintiff's statutory interpretation arguments, concluding that they "are not persuasive in light of *Ross II.*" *Nyamu*, 2025 WL 2753163, at *4-5. In doing so, the Order explained that "[w]hile Second Circuit summary orders are not binding, they are instructive," and that the Objections "offer no basis to depart here from the Second Circuit's well-reasoned analysis in *Ross* [*II*]." *Id.* at *5.

WHEREAS, Plaintiff also argues that the Order failed to conduct a de novo review of the objected-to portions of the Report. This argument is without merit. The Order expressly conducted such a review, concluding that "[e]ven affording de novo review, the Complaint still fails to state a claim." *Id.* at *4-6. The Order did so notwithstanding the fact that the Objections were largely repetitive and conclusory, repeating arguments previously made to Judge Figueredo without identifying specific factual or legal error, *see id.* at *4, and when objections "are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," the district court need only review the report for clear error, *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025).

WHEREAS, Plaintiff further argues in her reply that the Order "commits clear error in its treatment of § 1692e because it never conducts an independent analysis of Plaintiff's distinct misrepresentation theory and instead . . . collapses § 1692e into the same 'credit reporting following a cease and desist letter' theory used for [the other FDCPA claims]." This argument is

3

likewise without merit.  The Order addressed this point, noting that Plaintiff's claim that

Defendants' communications were false or deceptive under § 1692e "rest[s] on the same theory

rejected in *Ross II*," and that "[t]he Objections do not identify any conduct or representation

beyond the credit reporting itself, including any specific misstatement or omission in the reported

information." *Nyamu*, 2025 WL 2753163, at *5.

WHEREAS, Plaintiff's motion and reply merely reiterate arguments previously

considered and rejected in the Report and the Order.

WHEREAS, Defendants are correct that "Plaintiff's attempt at a third bite at the apple . . .

must be rejected."  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 49 and to mail

a copy of this Order to Plaintiff.

Dated: June 10, 2026
      New York, New York

                LORNA G. SCHOFIELD
              UNITED STATES DISTRICT JUDGE

4